08-3821-ag
Huang v. Holder

BIA
Chew, IJ
A72 183 150

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of December, two thousand nine.

PRESENT:
    JON O. NEWMAN,
    JOSEPH M. McLAUGHLIN,
    DEBRA ANN LIVINGSTON,
            *Circuit Judges*.

_____

YONG KANG HUANG,
        *Petitioner*,

        v.                                    08-3821-ag

ERIC H. HOLDER, JR.,[1] UNITED STATES
ATTORNEY GENERAL
        *Respondent*.

_____

        [1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

FOR PETITIONER:          Gary J. Yerman, New York, New York.

FOR RESPONDENT:          Michael F. Hertz, Acting Assistant
                         Attorney General, Stephen J. Flynn,
                         Assistant Director, Jeffrey R. Meyer,
                         Attorney, Office of Immigration
                         Litigation, United States Department
                         of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Yong Kang Huang, a native and citizen of the People's Republic of China, seeks review of the July 17, 2008 order of the BIA affirming the May 22, 2007 decision of Immigration Judge ("IJ") George T. Chew denying his motion to reopen, *In re Yong Kang Huang*, No. A72 183 150 (B.I.A. Jul. 17, 2008), *aff'g* No. 72 183 150 (Immig. Ct. N.Y. City May 22, 2007).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA.  *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  We review the BIA's denial of a motion to reopen for abuse of

discretion.  *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).

The Supreme Court has made clear that the agency may properly deny a motion to reopen in its discretion, irrespective of the movant's eligibility for relief, where the underlying relief is discretionary.  See *INS v. Abudu,* 485 U.S. 94, 105 (1988) (finding that "in cases in which the ultimate grant of relief is discretionary," the agency may jump ahead and determine that the movant would not be entitled to discretionary relief); *see also* 8 C.F.R. § 1003.2(a) ("The Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief."); 8 C.F.R. § 1003.23(b)(3).  Here, the IJ refused to exercise his discretion to grant Huang's motion to reopen in part because Huang had failed to comply with a prior voluntary departure order.  The BIA affirmed that decision, and we find no reason to disturb it.

Subject to a number of qualifications, the Attorney General, at his discretion, may grant an alien's request to depart the United States voluntarily, either in lieu of or prior to the completion of removal proceedings or at the conclusion of those proceedings.  8 U.S.C. § 1229c(a)(1),

3

(b)(1). From the alien's perspective, voluntary departure offers certain benefits, among them avoiding the penalties attendant to deportation, which include five- or ten-year bars on seeking readmission to the country. *See Dada v. Mukasey*, 128 S. Ct. 2307, 2319 (2008) ("Voluntary departure is an agreed-upon exchange of benefits, much like a settlement agreement. In return for anticipated benefits, including the possibility of readmission, an alien who requests voluntary departure represents that he or she 'has the means to depart the United States and intends to do so' promptly."). This Court has observed that "[v]oluntary departure under [8 U.S.C. § 1229c] benefits both the government and the alien who obtains it." *Thapa v. Gonzales,* 460 F.3d 323, 328 (2d Cir. 2006); *Singh v. Gonzales*, 468 F.3d 135, 140 (2d Cir. 2006). However, "for an alien, serious consequences result" from "compliance with a voluntary departure order," as well as from noncompliance. *Thapa,* 460 F.3d at 328. The agency's denial of Huang's motion to reopen was reasonably based on his failure to live up to his end of the voluntary departure bargain.

In support of his discretionary denial of Huang's motion, the IJ noted our application of the fugitive

4

disentitlement doctrine in *Qian Gao v. Gonzales*, 481 F.3d 173 (2d Cir. 2007), concluding that while not directly on point, the case provided guidance. In *Qian Gao*, we stated that the fugitive disentitlement doctrine "applies with full force to an alien who fails to comply with a notice to surrender for deportation." 481 F.3d at 176. Huang argues that the IJ erred in concluding that the rationale behind the fugitive disentitlement doctrine is applicable to his case. That argument is not persuasive. Huang is not a fugitive as defined in *Qian Gao* because there is no evidence that the agency sent him a notice to surrender for deportation ("bag-and-baggage letter") with which he failed to comply. *See id.* at 175-76. Nevertheless, the reasoning provided by this Court in *Qian Gao* provides a useful analogy. Huang's failure to comply with the voluntary departure order "undercuts the authority and dignity of the judicial process" in that he "disdain[ed] the authority of the [agency] in the very manner in which he seeks relief." *Id.* at 177. As this Court has observed, "[e]veryone understands that the [government] is overwhelmed with petitioners and procedures, and that it heavily relies on the word and voluntary compliance of numerous aliens within

5

our borders.  It is easy to game this system, but we should not treat disregard of [government] directives as a norm." *Ofusu v. McElroy*, 98 F.3d 694, 702-03 (2d Cir. 1996).

Because the IJ's discretionary denial of Huang's untimely motion is dispositive, *see Abudu*, 485 U.S. at 104-05, we need not consider his arguments related to his family planning claim.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____